UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 24-22949 |
| Maureen Julie Plevin | CHAPTER 13 |
| Debtor. | JUDGE Hon. Rachel M Blise |

**OBJECTION TO DEBTOR'S MOTION TO IMPOSE AUTOMATIC STAY (Doc. 3)**

U.S. Bank Trust National Association as Trustee of the Tiki Series III Trust, the current mortgagee of record, its successors, servicing agents and/or assigns ("Creditor"), by and through their undersigned counsel, hereby objects to the Debtor's Motion to Impose Automatic Stay filed in the above referenced case, and in support thereof states as follows:

1. On May 31, 2024, Maureen Julie Plevin (hereinafter, "Debtor") filed this Chapter 13 case, Case No. 24-22949.

2. That Movant is a creditor of the Debtor and non-filing co-debtor, Estate of Robert S Plevin, with respect to a certain indebtedness secured by a security interest in the real property located at 2810 WEST MCKINLEY BOULEVARD, MILWAUKEE, WI 53208 (the "Property"). (Ex. "A" – Loan Documents).

3. Debtor's prior Chapter 13 case numbers 24-20062 and 24-20263 were dismissed within the year of the Debtor's current filing, and no automatic stay is in effect as to Movant.

4. Creditor has a pending Motion to Dismiss Case and for Order Barring Debtor from Refiling for 180 Days before this Court.

5. That within the preceding years, the following six Chapter 13 bankruptcies, which were filed by Debtor (individually, a "Prior Case"), were pending and were dismissed:

| Case Number | Chapter | Date of Petition | Date and Basis for Dismissal |
|---|---|---|---|
| 13-28989 | 13 | 07/01/2013 | Dismissed on 09/29/2014 for failure to make plan payments |
| 15-20144 | 13 | 01/09/2015 | Dismissed on 03/08/2019 for failure to make plan payments |
| 20-21851 | 13 | 03/09/2020 | Dismissed on 02/05/2021 for failure to make plan payments |
| 21-24843 | 13 | 09/03/2021 | Dismissed on 12/07/2022 for failure to make plan payments |
| 24-20062 | 13 | 01/07/2024 | Dismissed on 01/17/2024 for Failure to File Information |
| 24-20263 | 13 | 01/21/2024 | Dismissed on 03/07/2024 for Failure to File Information |

6. As of the date of the service of this pleading, the Debtor is contractually due for the March 01, 2013 payment and all amounts coming due since that date.

7. As of the date of the service of this pleading, the estimated arrearage is the tremendous amount of $208,864.91.

8. As of the date of the service of this pleading, the estimated payoff is $290,886.45.

9. The Debtor has engaged in a series of Chapter 13 filings over the years in order to save the subject property from foreclosure sale, without the intent and/or ability to maintain a successful Chapter 13 Plan. Bankruptcy after bankruptcy have been filed for the sole purpose of frustrating Movant's attempts to foreclose on the subject property. These filings are causing Movant to engage counsel and accumulate fees.

10. Movant filed its Foreclosure Complaint regarding the subject property on December 19, 2011 as case # 2011CV018498 in State of Wisconsin Circuit Court Milwaukee County. An Affidavit of Mailing of Notice of Sheriff Sale was filed in that foreclosure case on May 6, 2013. Shortly thereafter, the Debtor's first dismissed Chapter 13, case number 13-28989, was filed on July 1, 2013. Movant filed its proof of claim on August 1, 2013 indicating a very large $76,427.05 pre-petition arrearage. Debtor's filed Schedule I indicated that she was unemployed and on social security, and per her filed Schedule J, she had absolutely no excess monthly net income and actually a negatively monthly net income of $843.00. The Debtor's case was in trouble from the outset, and was in fact never confirmed. Shortly after filing, on 8/20/13, the Debtor requested to participate in the Court's Mortgage Modification Mediation Program. Movant did not consent as the Debtor had no ability to fund a loan modification, and on 9/24/13, the Debtor's Motion to participate was denied. Nevertheless, on 10/7/13, the Debtor filed another Motion to participate in the Mortgage Modification Mediation Program. Again, Movant did not consent as the Debtor had no ability to fund a loan modification, and on 11/12/13, once again, Debtor's Motion to participate was denied. Yet again, on 3/18/14, the Debtor filed another Motion to participate in the Mortgage Modification Mediation Program.

On 4/22/14, Debtor's Motion was denied for the same reason as before. Shortly thereafter, on 5/12/14, Movant filed its Motion for Relief from Stay as the Debtor had not made one single post-petition mortgage payment since petition filing. Movant then cut Debtor a break, and on 6/18/14, entered into a Stipulation with the Debtor which allowed for the filing of a Supplemental Proof of Claim for the $18,510.61 post-petition arrearage. However, shortly thereafter, on 8/11/14, the Trustee filed a Motion to Dismiss the Case for Debtor's failure to make her plan payments. On 9/29/14, the case was in fact dismissed on the Debtor's Motion. The Trustee's Final Report indicated that absolutely nothing had been paid toward Movant's pre-petition arrearage claim.

11. The Debtor's second dismissed Chapter 13, case number 15-20144, was filed about three months later on 01/09/2015. The Debtor's prior dismissed Chapter 13 had absolutely no positive effect on her mortgage arrearage, and Movant filed its proof of claim on 5/20/15 which indicated a pre-petition arrearage that had grown to the massive amount of $105,329.80. This time, Debtor's filed Schedule J only indicated $103.01 in monthly net income. On 12/28/15, Movant once again filed a Motion for Relief from Stay as the Debtor once again had not made a single monthly post-petition mortgage payment. Once again, Movant cut the Debtor a break, and on 2/19/16 entered into an Order with the Debtor which provided for a Supplemental Proof of Claim for the $20,013.12 post-petition arrearage. On 12/20/18, Movant filed a Letter of Renewal of its Motion for Relief, as subsequent to the 2/19/16 Order, the Debtor had once again fallen in arrears post-petition in the enormous amount of $47,467.80. The Movant once again cut the Debtor a break, and on 2/25/19 entered into an Agreed Order with the Debtor containing a future default clause. That same day, the Trustee filed a Certification of Default based on a prior Motion to Dismiss, and the case was in fact

dismissed on the Trustee's Motion on 3/8/19. The Trustee's Final Report once again indicated that absolutely nothing had been paid toward Movant's pre-petition arrearage claim.

12. Subsequently, on January 27, 2020, a Notice of Sheriff's Sale of Real Estate was filed in Foreclosure Case # 2011CV018498. Shortly thereafter, the Debtor's third dismissed Chapter 13, case number 20-21851, was filed on 03/09/2020. Once again, the Debtor's prior Chapter 13 had absolutely no positive effect on the Debtor's pre-petition arrearage, and on 5/18/20, Movant filed its proof of claim which indicated a pre-petition arrearage which had grown to an even more massive amount of $168,998.92. Amazingly, Debtor's filed Schedule J indicated a negative monthly net income of $551.26. Eight months after filing, on 11/25/20, Movant once again filed its Motion for Relief for Debtor's non-payment. The Court issued an Order which included a future default clause, on 12/18/20. A month later, on 1/28/21, the Trustee issued a Certification of Default on a prior Motion to Dismiss, and the case was in fact dismissed on 2/5/21. Yet again, the Trustee's Final Report indicated that absolutely nothing had been paid toward Movant's pre-petition arrearage claim.

13. Subsequently, on July 22, 2021, a Notice of Sheriff's Sale of Real Estate was filed in Foreclosure Case # 2011CV018498. Shortly thereafter, the Debtor's fourth dismissed Chapter 13, case number 21-24843, was filed on 09/03/2021, only seven months after her previously failed Chapter 13 Case. Once again, the Debtor's prior Chapter 13 had absolutely no positive effect on the Debtor's pre-petition arrearage, and on 10/21/2021, Movant filed its proof of claim which indicated a pre-petition arrearage which had grown to an even more massive amount of $175,350.79. This time, Debtor's filed amended Schedule J indicated $3,146.00 in monthly net income. The Debtor attempted to Modify their mortgage via the Court's Mortgage Modification Mediation Program. However, the Motion for Referral for Mortgage Modification

Mediation Program was denied as the Debtor had already been denied a loan modification by Movant for failure to make trial payments. Movant filed a Motion for Relief from Stay to obtain access to the Property for an inspection due to code violations, but was denied relief for that purpose on 02/17/2022. Movant then filed its In Rem Motion for Relief from Stay pursuant to section 362(d)(4) on 5/9/2022. Movant cut the Debtor yet another break, and Movant and Debtor entered into a stipulation order with a default provision on 6/27/2022. Three months later, on 09/06/2022, the Trustee filed a Motion to Dismiss for failure to make payments, failure to provide the Chapter 13 Trustee with copies of the 2021 income tax returns, a tax affidavit, or a tax declaration, and material default with respect to the terms of the confirmed plan. Movant supported the Trustee's Motion as the Debtor was accumulating fees from the City for violations regarding the Property. The Trustee cut the Debtor a break and entered into an Order with a default provision. On 11/08/2022, the Trustee issued a Certification of Default on the prior Motion to Dismiss, and the case was in fact dismissed on 12/07/2022. The Trustee's Final Report indicated that only $9,771.13 was disbursed toward the massive $175,350.79 mortgage arrearage claim.

14. Subsequently, on December 18, 2023, a Proposed Order submitted by Debtor's foreclosure counsel was declined by the Court in Foreclosure Case # 2011CV018498. Shortly thereafter, the Debtor's fifth dismissed Chapter 13, case number 24-20062, was filed on 01/07/2024. Incredibly, the case dismissed ten days later, on 01/17/2024, for Debtor's failure to file the required information.

15. Less than one week later, the Debtor's sixth dismissed Chapter 13, case number 24-20263, was filed on 01/21/2024. Once again, the Debtor's prior Chapter 13 had absolutely no positive effect on the Debtor's pre-petition arrearage, and on 02/09/2024, Movant filed its

proof of claim which indicated a pre-petition arrearage which had grown to an even more massive amount of $197,662.78. Movant then filed its In Rem Motion for Relief from Stay pursuant to section 362(d)(4) on 02/06/2024. However, the case was dismissed on 03/07/2024 for failure to file all the information required under § 521(a)(1).

16. Subsequently, on April 19, 2024, a Sheriff's Report of Sale was filed in Foreclosure Case # 2011CV018498. Incredibly, prior to confirmation of that foreclosure sale, the Debtor filed her seventh Chapter 13, case number 24-22949, on 05/31/2024. Once again, the Debtor's prior Chapter 13 had absolutely no positive effect on the Debtor's pre-petition arrearage. Movant's estimated pre-petition arrearage has risen to an even more massive amount of $208,864.91.

17. The legal standard for granting a Motion to Impose the Automatic Stay in this case is delineated in section 362(c)(4)(D)(III) of the Bankruptcy Code. This current case has been presumptively filed not in good faith. The Debtor has not rebutted that presumption by clear and convincing evidence that there has been a substantial change in the financial or personal affairs of the Debtor since the dismissal of the prior bankruptcy, or any other reason to conclude that the current case will succeed. As delineated previously in this objection, the Debtor has absolutely not met that legal standard. It is not fair to other Debtors who properly avail themselves of the bankruptcy system for the Debtor to continue filing bankruptcy after bankruptcy in the manner in which she has.

**WHEREFORE**, Creditor respectfully requests that this Court overrule Debtor's Motion to Impose Stay; and, for such other, further and different relief as this Court deems just and proper under these circumstances.

    Respectfully submitted,

    /s/ Jon Lieberman
Jon Lieberman (OH 0058394)
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
Phone: 513.444.4100
bankruptcy@sottileandbarile.com

## CERTIFICATE OF SERVICE

I certify that on June 13, 2024, a copy of the foregoing Objection was filed electronically. Notice of this filing will be sent to the following party/parties through the Court's ECF System. Party/parties may access this filing through the Court's system:

    Joseph W. Seifert
    Counsel for Debtor
    seifert38@gmail.com

    Scott Lieske, Chapter 13 Trustee
    ecf@chapter13milwaukee.com

    Office of the U.S. Trustee
    ustpregion11.mi.ecf@usdoj.gov

I further certify that on June 13, 2024, a copy of the foregoing Objection was mailed by first-class U.S. Mail, postage prepaid and properly addressed to the following:

    Maureen J Plevin
    2810 W McKinley Blvd
    Milwaukee, WI 53208

    Estate of Robert S Plevin
    2810 W McKinley Blvd
    Milwaukee, WI 53208

    All Creditors on Attached Matrix

    /s/ Jon Lieberman
Jon Lieberman (OH 0058394)

```
Label Matrix for local noticing          City of Milwaukee                        Department of Workforce Development
0757-2                                   200 East Wells Street                    P.O. Box 7946
Case 24-22949-rmb                        Milwaukee, WI 53202-3515                 Madison, WI 53707-7946
Eastern District of Wisconsin
Milwaukee
Wed Jun 12 12:27:45 CDT 2024

Internal Revenue Service                 Medical Express Ambulance Service        (p)MILWAUKEE CITY ATTORNEY
Centralized Insolvency Office            5650 Howard Street                       200 E WELLS STREET
P.O. Box 73465                           Skokie, IL 60077-2623                    SUITE 800
Philadelphia, PA 19101-7346                                                       MILWAUKEE WI 53202-3515


Office of the U. S. Trustee              (p)SN SERVICING CORPORATION              US Bank Trust National Association
517 East Wisconsin Ave.                  323 FIFTH ST                             314 S. Franklin Street
Room 430                                 EUREKA CA 95501-0305                     Titusville, PA 16354-2146
Milwaukee, WI 53202-4510


Joseph W. Seifert                        Maureen Julie Plevin                     Scott Lieske
Seifert Law Office                       2810 W. McKinley Bvd                     Chapter 13 Trustee
757 N. Broadway Street                   Milwaukee, WI 53208-2927                 P.O. Box 510920
Suite 300                                                                         Milwaukee, WI 53203-0161
Milwaukee, WI 53202-3645
```

             The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
             by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Milwaukee Water Works                    SN Servicing                             End of Label Matrix
200 East Wells Street                    323 5th Street                           Mailable recipients    11
Room 800                                 Eureka, CA 95501-0305                    Bypassed recipients     0
Milwaukee, WI 53202                                                               Total                  11
```